*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0014**

In the Matter of the Civil Commitment of: Michael Thomas Schumann.

**Filed June 13, 2016
Affirmed
Reilly, Judge**

Brown County District Court
File No. 08-PR-15-1080

Steven D. Winkler, Jennifer L. Thon, Jones and Magnus, Mankato, Minnesota (for appellant)

Charles W. Hanson, Brown County Attorney, Bailey Breck Rolfsrud, Deputy County Attorney, New Ulm, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Toussaint, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges his commitment as a person who is mentally ill under the Minnesota Commitment and Treatment Act (the MCTA), Minnesota Statutes section 253B.09 (2014). Because the record supports the district court's determination that appellant meets the statutory criteria for civil commitment, we affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**FACTS**

Appellant Michael Thomas Schumann was born in 1984, and lived in Comfrey, Minnesota. In 2010 and 2012, appellant exhibited behaviors that were concerning to his family and to police, resulting in psychological evaluations through the VA Hospital system. In October 2015, the police department received a report that appellant made homicidal threats to harm people. Appellant was placed on an emergency hold. The doctor who signed the statement in support of the emergency hold stated that appellant was a "patient with known bipolar illness and escalating [manic] behavior . . . over [the] past 6 [weeks]." Appellant was transported to the New Ulm Medical Center and hospitalized in the Behavioral Health Unit for 72 hours. Appellant was later transferred to the St. Cloud VA Hospital with a discharge diagnosis of a mood disorder, psychosis, nonspecific psychotic disorder, alcohol abuse, and bipolar disorder with psychiatric symptoms. Upon his transfer and admission to the St. Cloud VA Hospital, appellant was evaluated by a psychiatrist who diagnosed him with bipolar I disorder with psychotic features, alcohol-use disorder, cannabis-use disorder, and personality disorders. Respondent State of Minnesota filed a petition for judicial commitment, requesting that the district court commit appellant to the commissioner of human services as both mentally ill and chemically dependent and claiming that "serious physical harm" would come to appellant or to others unless appellant was held in a treatment facility. The district court determined that probable cause supported the petition and ordered appellant to be held at the VA Health Care system in St. Cloud pending civil commitment proceedings.

The district court held a commitment hearing on October 26 and 30, 2015. The St. Cloud VA Hospital psychiatrist testified that, based on her daily observations, appellant suffered from bipolar disorder with psychotic features, alcohol-use disorder, cannabis-use disorder, and personality disorders. The psychiatrist characterized appellant's condition as a "substantial psychiatric disorder of thought, mood, perception, orientation or memory." She testified that during appellant's stay at the hospital, he "regularly escalate[d] into . . . verbal aggression with other residents and staff" and "made threats to harm the other vets," causing hospital staff to be concerned for the safety of other residents. The psychiatrist testified that as a result of appellant's mental illness, there was a "strong possibility" that his conduct could pose a danger to himself or to others. An expert witness testified that appellant's mental condition grossly impaired his judgment and his behavior, requiring commitment to the commissioner of human services. The district court also heard testimony from appellant's sister and mother, who described incidents where appellant made violent threats against other people. The district court concluded that clear and convincing evidence supported a determination that appellant met the criteria of a person who is mentally ill under Minn. Stat. § 253B and that there was no suitable less-restrictive alternative to judicial commitment. The district court ordered that appellant be civilly committed, and this appeal follows.[1]

---

[1] In February 2016, the district court found that appellant had stabilized on the acute unit of the St. Cloud VA Hospital and was an appropriate candidate for admission to the Residential Rehabilitation Treatment Program (the RRTP), an inpatient mental health residential program.

**D E C I S I O N**

The issue before this court is whether the district court erred by finding that clear and convincing evidence supported a determination that appellant is mentally ill under the MCTA.  Our review of a district court's civil commitment decision focuses solely on whether the district court complied with the statutory requirements of the MCTA.  *In re Civil Commitment of Janckila*, 657 N.W.2d 899, 902 (Minn. App. 2003). The district court's factual findings will not be reversed unless they are clearly erroneous, *In re McGaughey*, 536 N.W.2d 621, 623 (Minn. 1995), and we give due regard to the district court's credibility determinations, *In re Thulin*, 660 N.W.2d 140, 144 (Minn. App. 2003). But we review de novo whether clear and convincing evidence in the record supports the district court's commitment determination.  *In re Knops*, 536 N.W.2d 616, 620 (Minn. 1995).

Civil commitment is appropriate "[i]f the court finds by clear and convincing evidence that the proposed patient is a person who is mentally ill . . . ."  Minn. Stat. § 253B.09, subd. 1(a) (2014).  The MCTA defines a person who is mentally ill as:

> [A]ny person who has an organic disorder of the brain or a substantial psychiatric disorder of thought, mood, perception, orientation, or memory which grossly impairs judgment, behavior, capacity to recognize reality, or to reason or understand, which is manifested by instances of grossly disturbed behavior or faulty perceptions and poses a substantial likelihood of physical harm to self or others as demonstrated by:
>
> (1) a failure to obtain necessary food, clothing, shelter, or medical care as a result of the impairment;

(2) an inability for reasons other than indigence to obtain necessary food, clothing, shelter, or medical care as a result of the impairment and it is more probable than not that the person will suffer substantial harm, significant psychiatric deterioration or debilitation, or serious illness, unless appropriate treatment and services are provided;

(3) a recent attempt or threat to physically harm self or others; or

(4) recent and volitional conduct involving significant damage to substantial property.

Minn. Stat. § 253B.02, subd. 13(a) (2014).

The district court must find that one of these statutory elements is present, but may not engage in speculation. *McGaughey*, 536 N.W.2d at 623. When ordering commitment, the district court must "specifically state" in its findings of fact and conclusions of law the conduct which is the basis for determining that the requisites for commitment are met. Minn. Stat. § 253B.09, subd. 2.

Appellant argues that he does not meet any of the four statutory criteria in section 253B.02, subdivision 13(a), to support a finding that he is mentally ill. In its commitment order, the district court found that "[t]here has been no documented failure by [appellant] to obtain necessary food, clothing, shelter or medical care as a result of his impairment" and that "[t]here has been no recent and volitional conduct involving significant damage to substantial property," suggesting that appellant's commitment is not based on subdivisions 13(a)(1), (2), or (4). Appellant argues that he is therefore subject to civil commitment only if the evidence shows that he recently attempted or threatened to harm himself or others under subdivision 13(a)(3).

5

Appellant argues that there is "no indication in the record" that he attempted to harm others or himself so as to rise to the level of creating a substantial likelihood of harm. The district court weighed the evidence and reached a different conclusion. The district court found that appellant made "recent threats to physically harm others," including "generalized threats that [appellant] makes indicating he will make people's lives miserable and kill people . . . [raising a] concern that he will provoke others into assaulting him." Appellant also made statements to several people that he believes himself to be "invincible," and made threats to "teach them all a lesson."[2] The district court also credited testimony from the psychiatrist that appellant "regularly escalates and becomes verbally aggressive, making verbal threats to harm other patients." The district court recognized that it could not speculate about possible future harm to others. However, the MCTA does not require that "the person must either come to harm or harm others before commitment as a mentally ill person is justified"; it only requires that "a substantial likelihood of physical harm exists[.]" *McGaughey*, 536 N.W.2d at 623.

Appellant argues that his conduct does not rise to the level of an immediate threat to physically harm others and suggests alternative ways of interpreting the evidence and testimony. But the district court credited the expert testimony, and we defer to the district court's assessment of witness credibility, particularly when the factual findings rest on expert testimony. *Janckila*, 657 N.W.2d at 904; *Thulin*, 660 N.W.2d at 144. The district court's factual findings are not clearly erroneous, and we determine, based on our de novo

---

[2] In particular, the district court expressed concern about appellant's recent statements about a 65- to 70-year-old woman that he threatened to sodomize.

review, that clear and convincing evidence in the record supports the district court's decision to commit appellant under Minn. Stat. § 253B.02, subd. 13(a)(3), on the ground that he was mentally ill.

**Affirmed.**